IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARTIN WAYNE FITCHETT** | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | CIVIL NO. JKB-22-0783 |
| **SPARTECH, LLC,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Martin Wayne Fitchett filed a Complaint against Defendants Spartech, LLC and Spartech Intermediate Holdings, LLC (collectively, "Spartech") alleging that he was discriminated against in violation of the Americans with Disabilities Act ("ADA"). (Compl., ECF No. 1.) Pending before the Court is Defendants' Motion to Strike Paragraph 25 and Exhibits A and B of Plaintiff's Complaint. (Mot. Strike, ECF. No 17.) The Motion has been fully briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, the Motion will be granted.

### I.   *Factual and Procedural Background*

According to the Complaint, Fitchett is an amputee who lost his leg in 2011 and uses a prosthetic limb. (Compl., ¶ 12.) He was employed by Spartech as a Warehouse Worker from April 2016 to September 2019. (*Id.* ¶ 10.) On June 28, 2019, Fitchett requested that he temporarily be assigned "sedentary" duties after undergoing invasive knee surgery on his residual limb. (*Id.* ¶¶ 16–18, 30.) He alleges that Spartech refused to grant his requested accommodation. (*Id.* ¶¶ 19–20, 30–34.) Fitchett's employment with Spartech ended on September 12, 2019. (*Id.* ¶ 23.) At the time, Spartech represented to him that it considered his departure to be a resignation. (*Id.*)

The Complaint further alleges that Fitchett filed a charge of employment discrimination against Spartech with the United States Equal Opportunity Commission ("EEOC") on February 7, 2020. (*Id.* ¶ 24.) Paragraph 25 of the Complaint states:

> On August 17, 2021, the EEOC issued their determination letter in regards to Fitchett's Charge. The letter, signed by Baltimore EEOC Field Office Director Ms. Rosemarie Rhoades, holds that "[Fitchett], an individual with a qualified disability, requested a reasonable accommodation for his disability while out on disability. [Spartech] was aware of [Fitchett's] disability. [Spartech] required [Fitchett] to return to work without restrictions and denied [Fitchett] light duty…based on the foregoing, there is reasonable cause to believe that Respondent failed to accommodate [Fitchett's] disability and he [sic] constructively discharged in violation of the Americans with Disabilities Act of 1991, as amended." A copy of the letter is attached as ***Exhibit B***.

(*Id.* at ¶ 25 (alterations in original); *see also* Compl. Ex. B, ECF No 1-2.) The Complaint also states that the EEOC issued a Notice of Right to Sue on January 12, 2022, a copy of which was attached to the Complaint. (*Id.* at 26; Compl. Ex. A, ECF No. 1-1.)

Spartech filed a Motion to Strike, which seeks to strike paragraph 25 of the Complaint as well as Exhibits A and B. (Mot. Strike, ECF No. 17.)

## *II.     Legal Standard*

Under Federal Rule of Civil Procedure 12(f), the Court has discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions are disfavored and "generally will be not granted [for immateriality] unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 117 (D. Md. 2020). Nevertheless, motions to strike will be granted when the movant meets its burden of proving that the challenged material is immaterial and prejudicial. *Chapman v. Duke Energy Carolinas, LLC*, Civ. No. 3:09-37RJC, 2009 WL 1652463, at *3 (W.D.N.C. June 11, 2009).

2

## *III. Analysis*

Paragraph 25 and the EEOC documents provided as Exhibits A and B, which contain the EEOC's administrative findings, should be stricken from the Complaint. District courts review employment discrimination claims *de novo*, "without regard to the EEOC's finding of reasonable cause[.]" *Laber v. Harvey*, 438 F.3d 404, 420 (4th Cir. 2006). The EEOC's findings therefore have no relevance to Fitchett's cause of action and, further, are prejudicial to Spartech. *See, e.g., Chapman*, 2009 WL 1652463, at *2–3 (striking allegations and exhibits containing EEOC findings as "highly prejudicial and immaterial to Plaintiff's causes of action").

Fitchett cites *Latino v. Rainbo Bakers, Inc.*, 358 F. Supp. 870 (D. Colo. 1973), in which the court declined to strike an EEOC decision attached to the complaint. *Id.* at 872–73. In *Latino*, however, the exhibit "contain[ed] some relevant material" because the complaint itself did not allege that the plaintiff had "pursued all her state and federal administrative remedies within the applicable time periods." *Id.* at 873. Here, in contrast, the Complaint alleges that Fitchett filed a charge with the EEOC and that the EEOC issued a Notice of Right to Sue on January 12, 2022. (Compl. ¶¶ 24, 26.) Paragraph 25 and the attached Exhibits thus "go far beyond what is necessary for [Fitchett] to satisfy the requirement that [he] plead that [he] exhausted [his] administrative remedies and that [his] complaint was timely filed in federal court." *Lindsey-Grobes v. United Airlines, Inc.*, Civ. No. GJH-14-00857, 2014 WL 5298030, at *3 (D. Md. Oct. 14, 2014).

Fitchett also contends that "Defendants conflate a motion to strike with a motion in limine" and that their request is "premature." (Memo. Supp. Opp'n Mot. Strike, ECF No. 21-1, at 4.) This argument is unpersuasive. *See Chancey v. N. Am. Trade Sch.*, Civ. No. WDQ-10-0032, 2010 WL 4781306, at *3 (D. Md. Nov. 17, 2010), *aff'd sub nom. Chancey v. N. Am. Trade Sch., Inc.*, 442 F. App'x 815, at *2–3 (4th Cir. 2011) (rejecting argument that motion to strike paragraph of

3

complaint containing EEOC findings was a "premature motion in limine" where defendants timely filed a Rule 12(f) motion).

### IV.   Conclusion

The EEOC's findings, contained in paragraph 25 and Exhibits A and B of the Complaint, are prejudicial and immaterial to Fitchett's cause of action and should be stricken. Accordingly, it is ORDERED that:

1. Defendants' Motion to Strike Paragraph 25 and Exhibits A and B of Plaintiff's Complaint (ECF No. 17) is GRANTED and

2. The entirety of Paragraph 25 and Exhibits A and B of Plaintiff's Complaint (ECF No. 1) are STRICKEN.

DATED this __4__ of October, 2022.

BY THE COURT:

_____
James K. Bredar
Chief Judge